USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/13/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANIER, | |
| Petitioner, | |
| -against- | 21-cv-09307 (ALC) |
| CAPRA, | OPINION AND ORDER |
| Respondent. | |

**ANDREW L. CARTER, JR., United States District Judge:**

Petitioner Daquan Lanier ("Petitioner"), proceeding *pro se*, files this Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction for manslaughter in the first degree, in violation of N.Y. Penal Law § 125.20[1]. Petitioner was sentenced to a determinate prison term of 20 years, followed by five years of post-release supervision.

The case was referred to Magistrate Judge James L. Cott, who issued a Report and Recommendation (the "R&R"), ECF No. 16, recommending that the Court deny the Petition. Petitioner subsequently filed objections to the R&R (the "Objections"), ECF No. 18, with requests for a hearing, which the Court has considered. For the reasons set forth below, the Court adopts the R&R in its entirety and denies Petitioner's request for habeas relief.

## BACKGROUND[1]

The Court assumes familiarity with the background and procedural history as set forth in the R&R and briefly recounts facts relevant to the present objections.

On March 16, 2014, Lanier and two other individuals argued and physically fought with Tony Burgess and his brothers. R&R at 2. Lanier then retrieved a gun from his apartment, returned to the Burgess's apartment, and shot Tony Burgess in the back of the head with a single bullet, killing him. *Id*. Four days later, Lanier was arrested and arraigned on four charges: (1) second-degree murder, N.Y. Penal Law § 125.25[2]; (2) first-degree manslaughter, N.Y. Penal Law § 125.20[2]; and (3) two counts of second-degree criminal possession of a weapon, N.Y. Penal Law § 265.03[1][b], [3]. *Id*. On March 26, 2014, a grand jury indicted Lanier on the four arrest charges. *Id*.

On October 11, 2016, Lanier appeared in the Supreme Court, Bronx County, before the Honorable Robert Neary ("trial court") to accept a negotiated plea deal. *Id*. at 3; *see also* TP at 2. Lanier agreed to plead guilty to first-degree manslaughter, a class B violent felony, *see* N.Y. Penal Law § 125.20, in exchange for a sentence of 20 years' incarceration and five years' post-release supervision. *Id*. Lanier also specifically agreed to waive his right to appeal. R&R at 3. After Lanier reviewed the waiver form, the trial court described the plea offer and asked Lanier whether he intended to accept it; Lanier affirmed that he did. *Id*.; TP at 3. The trial court then asked Lanier, under oath, a series of questions to ensure that his plea was voluntary and that he understood that

---

[1] This opinion cites to the R&R, ECF No. 16, which itself extensively cites to the state court record filed at ECF No. 12. The plea transcript ("TP") is docketed at ECF No. 12-5, as an exhibit to the Respondent's Declaration in Opposition to the Petition; the sentencing transcript ("TS") is filed at ECF No. 12-6. Background information regarding the charges is drawn from Lanier's brief on direct appeal ("Pet. Br."), filed at docket entry 12-1, and Respondent's brief on direct appeal ("Res. Br."), filed at docket entry 12-2. Any pinpoint citations to these filings refer to the pagination that runs through the documents, and not to the pagination generated by the Court's Electronic Case Filing system.

he was waiving many of his rights, including his right to appeal. *Id*. Lanier confirmed that his plea was voluntary. R&R at 3-4; TP at 5.

Lanier also responded "Yes" when the trial court inquired: "Have you talked to your lawyer about waiving the right to appeal?" R&R at 4; TP at 8. Defense counsel then stated on the record that Lanier "ha[d] read the waiver of the right to appeal and . . . [was] executing [his] signature on [the] document." R&R at 4; TP at 9. After Lanier and defense counsel signed the waiver form, the trial court stated to Lanier: "you now formally waive your right to appeal under indictment number 0967 of '14." *Id.* After the trial court confirmed that Lanier was pleading guilty to first-degree manslaughter, allocuting him on the specific elements of the charge, the trial court asked Lanier if he had any questions for the trial court or the prosecution, noting that "[n]ow would be the last time to voice any objections." R&R at 4; TP at 10. Lanier affirmed that he did not have any questions. *Id*. In response to Lanier's plea, the trial court stated: "I accept the plea knowingly and voluntarily entered into." R&RR at 5; TP at 12.

On November 2, 2016, the parties appeared for Lanier's sentencing. R&R at 5. Defense counsel stated that Lanier "d[id] not wish to be sentenced . . . [because] he want[ed] to withdraw his plea." *Id.* The trial court summarily denied the request, stating that Lanier had "not put[] forward any legal reasons that he can't be sentenced so we are going to go ahead with the sentence." *Id.* Lanier explained that "I just feel that you know this is a very harsh sentence, that's why I wanted to withdraw my plea." *Id.*; TS at 10. Lanier also argued that "he didn't have too much of a time to decide because . . . [he] came to court October 4th, the 11th is when I had to make my decision" to which the trial court responded: "I think you had ample time. We went over that." R&R at 6; TS at 10-11. The court then sentenced Lanier to 20 years' incarceration and five years' post-release supervision.

Lanier appealed his conviction to the New York Supreme Court, Appellate Division, First Department on October 17, 2018. R&R at 6. He raised two grounds for appeal: (1) Lanier's waiver of appeal was invalid because it was not knowingly and intelligently made; and (2) Lanier's 20-year sentence was excessive considering that Lanier did not have an extensive criminal record. *Id*. In its decision affirming Lanier's conviction, the Appellate Division determined that the 20-year sentence was not excessive. *People v. Lanier*, 173 A.D.3d 416, 416 (1st Dep't 2019). The Court of Appeals denied Lanier's application seeking leave to appeal. 35 N.Y.3d 1027 (2020).

On September 14, 2021, Lanier filed his habeas corpus petition in the United States District Court for the Eastern District of New York. *See Lanier v. Capra*, No. 21-CV-5221 (E.D.N.Y. Sept. 24, 2021). That court transferred the petition to the United States District Court for the Southern District of New York on September 24, 2021, which received the case on November 10, 2021. ECF No. 4. By order of reference dated December 3, 2021, this matter was referred to Judge Cott for a report and recommendation.[2] ECF Nos. 10-11.

In his Petition, Lanier, proceeding *pro se*, raised the same two grounds he raised in his direct appeal: (1) his appellate waiver was invalid because "it was not done knowingly" and (2), his sentence "was excessive in light of [m]itigating factors." *See* Pet. at 5,6. Judge Cott recommend that Lanier's Petition be denied on April 5, 2022. R&R, ECF No. 16. Judge Cott concluded that (1) Lanier's challenge to the validity of his appellate waiver should be denied as moot and (2) Lanier's term of sentence is not a violation under the Eighth Amendment.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil procedure, the parties were given fourteen days from service of the R&R to file any objections.

---

[2] This case was originally assigned to the Honorable District Judge Alison Nathan. On April 7, 2022, this matter was reassigned to me.

4

R&R at 14. On April 21, 2022, the Court received Petitioner's "Reply to Objections Recommendation," which the Court construes as his objections to the R&R. Objections, ECF No. 18.[3] Petitioner states six objections in his submission. *See generally* Objections. Respondent did not file any objections. The Court considers this matter fully submitted.

## STANDARD OF REVIEW

A petitioner seeking habeas corpus relief must show that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The petitioner thus has the burden of proving, by a preponderance of the evidence, that his federal rights have been violated. *See Jones v. Vacco*, 126 F. 3d 408, 415 (2d Cir. 1997) (citation omitted).

When reviewing a magistrate judge's report and recommendation, a district judge may "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files a timely objection, the district court is required to make a *de novo* determination concerning those parts of the report. *Id*. "To accept those portions of the report to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Adeniji v. New York State Off. of State Comptroller*, 557 F. Supp. 3d 413, 419 (S.D.N.Y. 2021) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009).

---

[3] Judge Cott issued his R&R on April 5, 2022. Therefore April 19, 2022 is 14 days after the R&R was issued. It is unclear exactly when the Petitioner received the R&R. Although the Court received Petitioner's Objections two days after April 19, 2022, it is likely that he submitted his Objections within 14 days of receiving the R&R. In any event, the Court will *sua sponte* extend the Petitioner's time to object due to his *pro se* status and the short apparent delay in filing. *Garcia v. Griffin*, No. 16-CV-2584 (ALC), 2019 WL 4917183, at *3 (S.D.N.Y. Oct. 4, 2019) ("However, considering Petitioner's *pro se* status and his otherwise diligence throughout this litigation, his objections, though untimely, will be considered.")

While a district judge has "discretion to consider additional evidence after a magistrate judge has issued her report," the judge "generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Ortiz v. Barkley,* 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (collecting cases). Indeed, if a party makes only conclusory or general objections to the report and recommendation, or merely reiterates its previous position, the court will review the report and recommendation strictly for clear error. *Adeniji*, 557 F. Supp. 3d at 419.

A *pro se* party's objections are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-cv-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks and citations omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Serv.*, 06-cv-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

## DISCUSSION

Petitioner lists six Objections to Judge Cott's R&R. Construing Petitioner's *pro se* objections with all due leniency, Petitioner raises only general objections to the R&R that seek to relitigate his prior positions or new claims that were not raised before the magistrate judge.

In Lanier's fifth and sixth objections, he simply restates his position that when he signed the appellate waiver form, he did not understand that he had waived his right to appeal and that his sentence violates the Eighth Amendment and is "not [within] the statutory range." Objections at 3-4. Therefore, as to the Petitions' two claims, Lanier merely rehashes the arguments raised in his original Petition and reply brief or provides general objections to the R&R, and "the Court is only

obliged to review the Report for clear error." *Ortiz*, 558 F. Supp. 2d at 452. Petitioner provides no specific objection to Judge Cott's analysis. This Court has reviewed the Report for clear error and finds none. Out of an abundance of caution, this Court also reviewed Petitioner's objections *de novo* and found Judge Cott's R&R to be thorough, well-reasoned and grounded in fact and law.

Although it is difficult to ascertain Mr. Lanier's specific objections, Petitioner appears to raise new claims that were not raised before the magistrate judge. In his first objection, Lanier cites to *McCarthy v. United States*, 394 U.S. 459 (1969) for the proposition that the Court should set aside his guilty plea because the trial court failed to comply "in every respect with the procedure for accepting a guilty plea which is prescribed in Rule 11 of the Federal Rules of criminal procedure." Objections at 1-2. This argument is not found in his Petition or Reply brief. In his second objection, Petitioner appears to request an evidentiary hearing. *Id*. at 2.

In his third objection, Petitioner cites to *Wainwright v. Skyes*, 433 U.S. 72 (1997) for the proposition that a federal habeas petitioner who has failed to comply with a state contemporaneous objection rule at trial must show cause for the procedural and prejudice thereto to obtain review of his defaulted constitutional claim." It is unclear what Mr. Lanier argues here. The R&R does not discuss any procedurally defaulted claims. In his fourth objection, Mr. Lanier includes the following quote from the syllabus of *Holland v. Florida*, 560 U.S. 631 (2010): "While the record facts suggest that this case may well present "extraordinary" circumstances, the Court does not state its conclusion absolutely because more proceedings may be necessary. The District Court incorrectly rested its ruling not on a lack of such circumstances, but on a lack of diligence." Objections at 3. In the cited case, the Supreme Court held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland*, 560 U.S. at 634. Again, it is unclear what Mr. Lanier argues; the R&R at issue does not discuss equitable tolling. The Court is

7

unable to fully discern how Mr. Lanier's third and fourth objections are responsive to the R&R. In any event, as a threshold matter, "new claims may not be raised properly at this juncture," so any "new claims, presented in the form of, or along with, 'objections,' should be dismissed." *Garcia v. Griffin*, No. 16-CV-2584 (ALC), 2019 WL 4917183, at *4 (S.D.N.Y. Oct. 4, 2019) (quoting *Pierce v. Mance*, No. 08 Civ. 4736 (LTS) (KNF), 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009)). Therefore, the Court dismisses these claims.

## CONCLUSION

Accordingly, for the reasons stated above, Judge Cott's Report and Recommendation is adopted in full, and Petitioner's Petition for Writ of Habeas Corpus is denied in its entirety, and dismissed with prejudice.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not be issued. See 28 U.S.C. § 2253(c)(2). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of the Court is respectfully directed to terminate this case.

**SO ORDERED.**

Dated: **October 13, 2023**
       **New York, New York**

                                              **ANDREW L. CARTER, JR.**
                                              **United States District Judge**